# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LAKISHA JONES, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) 1:11-cv-367-WTL-DKL |
| | ) |
| ST. VINCENT HOSPITAL, and | ) |
| ARAMARK, | ) |
| | ) |
| Defendants. | ) |

## Entry and Order Granting Motions to Dismiss

For the reasons explained in this Entry, the defendants' motions to dismiss will be granted.

## Discussion

Lakisha Jones asserts claims pursuant to Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. ' 2000e-2(a).

The defendants have filed motions to dismiss pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. Such motions challenge the legal sufficiency of the complaint. *See Gibson v. Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

To survive dismissal under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602–03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, at 603. That plausibility is defeated, however, if a plaintiff pleads herself out of court. *Massey v. Merrill Lynch & Co.*, 464 F.3d 642, 650 (7th Cir. 2006)("a party may plead itself out of court by pleading facts that establish an impenetrable defense to its claims").

Under Title VII, a plaintiff must file a complaint in court within 90 days of receiving notice of the right to sue from the Equal Employment Opportunity Commission. 42 U.S.C. ' 2000e-5 (f)(1); *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 849-50 (7th Cir. 2001). The time limit is not flexible, and even a brief

delinquency can be fatal. *Jones v. Madison Service Corp.*, 744 F.2d 1309 (7th Cir. 1984) (action time-barred when filed 92 days after notice received); *Coulibaly v. T.G.I. Friday=s, Inc.*, 623 F. Supp. 860, 863 (S.D.Ind. 1985) (action time-barred when filed 97 days after notice received).

In this instance Jones' 90 days began to run upon her "actual receipt" of the notice. 42 U.S.C. ' 2000e-5(e)(1). It is undisputed that Jones received her right to sue notice on December 23, 2010. She filed this action 82 days later, on March 15, 2011, but in doing so did nothing except file the right-to-sue notice she had received. Taking that step did not constitute filing a complaint, *See Baldwin County Welcome Center v. Brown,* 466 U.S. 147 (1984). Even the combination of a request for counsel plus an administrative decision (a letter from the EEOC giving the person the right to file suit under Title VII of the Civil Rights Act of 1964) does not satisfy Rule 8 of the *Federal Rules of Civil Procedure,* and hence is not a complaint. *Id.*

The court directed that Jones do more. On July 28, 2011, the court directed that Jones file an amended complaint which would comply with the requirements of Rule 8. Jones' amended complaint was then filed on August 29, 2011. This was 244 days after she received the right-to-sue notice.

The opening of this case did not commence a lawsuit as contemplated by the *Federal Rules of Civil Procedure.* Jones' subsequent delay is fatal to her Title VII claim, and Jones does not argue otherwise. *See County of McHenry v. Ins. Co. of the West,* 438 F.3d 813, 818 (7th Cir. 2006) (AWhen presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action.@) (internal quotations omitted).

Jones' failure to respond to the motions to dismiss risked an adverse ruling. *Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1042 (7th Cir. 1999) ("If [judges] are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning."); *see also County of McHenry v. Ins. Co. of the West,* 438 F.3d 813, 818 (7th Cir. 2006) ("When presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action.") (internal quotations omitted). That risk has become a reality. The defendants' motions to dismiss [19] and [27] are granted.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 03/07/2012

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana